UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. 1:10-CR-00112-EJL |
|---|---|
| Plaintiff, | **MEMORANDUM ORDER** |
| v. | |
| JUSTIN LYLE IZATT, | |
| Defendant. | |

## INTRODUCTION

Pending before the Court in the above-entitled matter is Defendant Justin Lyle Izatt's ("Izatt") Amended Motion to Suppress. (Dkt. 14.) The motion is made pursuant to Fed R. Crim P. 12(b)(3)(C). The matter is ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately represented in the briefs and record. Accordingly, and in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument.

**MEMORANDUM ORDER - 1**

# FACTUAL AND PROCEDURAL BACKGROUND

The facts in this case regarding the search appear to be undisputed.

On June 27, 2009, Izatt was convicted on driving with a suspended license. (Government's Opp'n to Mot. to Suppress Evidence at 2, Dkt. 19.) Izatt had previously been charged nine times for the same offense, convicted of two drug trafficking crimes and a crime of violence. *Id.* at 8. As part of Izatt's sentence the Magistrate imposed twelve months of probation which included the following term: "SEARCH/SEIZURE: I agree and consent to the search of my person, automobile, real property and any other property at any time at any place by any probation officer or any police officer and waive my constitutional right to be free from such searches." (Mem. of Points and Authorities in Supp. Def.'s Mot. to Suppress Evidence at 17, Dkt. 18.) On January 4, 2010 Izatt refused to be drug tested. (Government's Opp'n at 2.) On January 14, 2010, the State of Idaho petitioned to have Izatt's probation revoked. (Mem. of Points at 2.) Pursuant to that request a warrant was issued and Izatt arrested on January 19, 2010. *Id*. at 3. The date set for the hearing on whether Izatt's probation would be revoked was April 22, 2010. *Id*.

Izatt had been under investigation by Detective Rivers for methamphetamine dealing. (Government's Opp'n at 1.) In July 2009, Detective Rivers received information from a confidential informant about Izatt's methamphetamine dealing and where methamphetamine could be located in his house. *Id.* at 2. In January of 2010, Izatt's probation officer contacted Detective Rivers because he suspected that Izatt was using and dealing methamphetamine. *Id.* at 2-3. On February 3, 2010 police officers and Izatt's

probation officer arrived at Izatt's residence. *Id.* Izatt was not home but soon returned in a pickup truck. Because Izatt was known to have his license suspended he was arrested and searched incident to arrest. *Id.* The search discovered cash and a used glass methamphetamine pipe on Izatt's person. *Id.* Izatt's house was searched in the area indicated by the confidential informant and returned a digital scale, $500.00 in cash and 126.5 grams of methamphetamine. *Id.* The house was searched without consent or a warrant. (Mem. of Points at 2.) Izatt has been charged with one count of Possession with Intent to Distribute Methamphetamine. *Id.* at 1. Izatt now seeks to suppress all evidence obtained during the search.

## DISCUSSION

**1. Evidentiary Hearing**

"Rule 41(e), Federal Rules of Criminal Procedure, provides that the court 'shall receive evidence on any issue of fact necessary to the decision of the motion.' As this language implies, 'evidentiary hearings should not be set as a matter of course, but only when the petition alleges facts which if proved would require the grant of relief.' Suppression may be improper for a reason of law appearing on the face of the motion. Moreover, factual allegations which are general and conclusory or based upon suspicion and conjecture will not suffice, for 'claims that taint attaches to any portion of the Government's case must satisfy the trial court with their solidity and not be merely a means of eliciting what is in the Government's possession before its submission to the jury.'" *Cohen v. United States*, 378 F.2d 751, 760 (9th Cir. 1967) (citing *Nardone v.*

**MEMORANDUM ORDER - 3**

*United States*, 308 U.S. 338, 342 (1939) (citations omitted). "The question is whether the allegations in the moving papers, including affidavits if any are filed, are sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented. If the allegations are sufficient, and factual issues are raised, a hearing is required." *Cohen*, 378 F.2d at 761 (citations omitted).

There are no factual disputes in the record. Izatt does not allege any facts which, if proven, would render a motion to suppress appropriate. Therefore the Court concludes that the motion may be decided as a matter of law based on the pleadings filed with the Court.

When determining the lawfulness of a search a court must remain cognizant that the "touchstone of the Fourth Amendment is reasonableness, and the reasonableness of a search is determined 'by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests.'" *United States v. Knights*, 534 U.S. 112, 118-19 (2001) (quoting *Wyoming v. Houghton*, 526 U.S. 295, 300 (1999)). Before the reasonableness of the search can be ascertained it is necessary to determine what Izatt's privacy interest is. Izatt contends that he was not subject to the terms of his probation at the time of the search; and therefore he has the same reasonable expectation of privacy as a law abiding citizen. Alternatively, Izatt contends that if he is found to be subject to the terms of his probation, he still retains a privacy interest sufficient to defeat the government's interest in the search.

**MEMORANDUM ORDER - 4**

## 2. Probation Status

Izatt argues that because the search occurred after the state had sought to revoke his probation, his probationary period was tolled pending a hearing and final determination of whether his probation would be revoked. Izatt relies on *State v. Harvey*, 132 P.3d 1255 (Idaho Ct. App. 2006) for this proposition. In that case, the defendant left the state without notifying his probation officer which lead to the state filing three probation violation charges. *Id.* at 1257. When he was apprehended the defendant argued that the state's last probation charge and the order reinstating his original sentence were invalid because they were issued after the five year period of his parole. *Id.* The state argued that the defendant's probation period was tolled while he was outside of the state's jurisdiction and when he was in jail on the final probation violation charge. *Id.* The court agreed, and found that as "a general principle, a probationary period is tolled while the probationer is not subject to the jurisdiction of the court." *Id.* at 1258 (citing *City of Spokane v. Marquette*, 43 P.3d 502, 505 (Wash. 2002)). Izatt particularly relies on the Idaho Court of Appeal's statement that "a probationary period is tolled from the date probation revocation proceedings are commenced until probation is continued or revoked." *Id.* at 1259. Izatt argues that because the state had initiated probation revocation proceedings against him that the term of his probation was tolled, and that it would be unjust to require him to adhere to the terms of his probation if that time did not count towards his sentence. (Mem. of Points at 4.)

**MEMORANDUM ORDER - 5**

*Harvey* cannot be read to create the outcome that Izatt contends. The government points out the present case is distinguishable from *Harvey* because Izatt was not in jail for the period between his arrest and his revocation hearing. (Government's Opp'n. at 5.) It is not clear that the *Harvey* court would agree that the critical factor is how long the defendant was in jail. It does seem clear, however, that the *Harvey* court would agree with the government's assertion that "[t]olling parole seeks to hold defendants accountable for the conditions of their parole for the mandated period, not reward them for breaking the law." *Id.* The purpose of the court's holding in *Harvey* was to ensure that a probationer who attempts to flee their probation is still held accountable for the full period that they were sentenced. Izatt's argument that it would be unfair to reduce his constitutional rights for a period that would not be counted against his sentence is not applicable. It is not the case that, had Izatt prevailed at his revocation hearing and had his probation continued, the time between the arrest and the hearing would not be counted against his probation period. Similarly, if Izatt's probation had been revoked and his sentence reinstated there would be no probationary period to be tolled at all.

Izatt also argues that he did not have notice that his probation still applied. (Mem. of Points at 4.) On Izatt's probation agreement, however, he initialed that he understood the following provision:

> PROBATION AGREEMENT: I understand and agree, pursuant to the terms of the judgment of conviction, that I am still on supervised probation until I receive a written copy of the Unmonitored Probation Review, signed by a probation officer, releasing me to unsupervised probation.

**MEMORANDUM ORDER - 6**

*Id.* at 17. Izatt has shown no evidence that he was ever told that his supervised probation, much less the full probationary period, was suspended at any time. Nor has Izatt produced a written document signed by his probation officer stating he was released from supervised probation. As such, it is clear that Izatt was still subject to the terms of his probation at the time of the search in question.

**3. Reasonableness of the Search**

Izatt contends that even if he is a probationer he still has Fourth Amendment rights that would prevent the police from conducting a warrantless search. The crux of Izatt's claim is that as a misdemeanor probationer his rights are not as constrained as other probationers. *Id.* at 6. In support of this contention, Izatt points to the Supreme Court's analysis of the 'continuum' concept of punishment in *Samson v. California*, 547 U.S. 843 (2006). In that case the Court found that police officers could search parolees without any suspicion of wrongdoing. *Id.* at 847. The Court held that "parolees have fewer expectations of privacy than probationers, because parole is more akin to imprisonment than probation is to imprisonment." *Id.* at 850. Izatt interprets *Samson* to say that because parolees are higher on the continuum than probationers that he is closer to the full rights of a law abiding citizen. While this is certainly true given the holding in *Samson*, it does not suggest what standard should apply to Izatt's case.

It is clear that while Izatt retains some Fourth Amendment protections against warrantless searches these protections are less than that of a full law abiding citizen. Izatt argues that the only warrantless searches that he should be subject to are those that relate

**MEMORANDUM ORDER - 7**

to the crime he committed, namely driving with a suspended license. (Mem. of Points at 7.) The Supreme Court in *United States v. Knights*, 534 U.S. 112 (2001) considered the case of a probationer convicted of a drug offense. *Id.* at 114. The police conducted a warrantless search of his house on suspicion of arson. *Id.* at 115. The Court found that this search was constitutional, and held that "nothing in the condition of probation suggests that it was confined to searches bearing upon probationary status and nothing more." *Id.* at 116. The same is true here. The Court concluded that the normal Fourth Amendment reasonableness inquiry, balancing the interest of the government with the legitimate privacy interests and expectations of the defendant, was appropriate.

As a probationer, Izatt's legitimate privacy interests are diminished significantly. *Id.* at 119-20 ("The probation condition thus significantly diminished [defendant's] reasonable expectation of privacy"). The government's interest is also higher than with regards to a regular citizen. The Supreme Court held that:

> The State has a dual concern with a probationer. On the one hand is the hope that he will successfully complete probation and be integrated back into the community. On the other is the concern, quite justified, that he will be more likely to engage in criminal conduct than an ordinary member of the community.

*Id.* at 120-21. The Court made no distinction between a felony and misdemeanor probationer. The Court ultimately found that the standard of reasonable suspicion was appropriate to balance the competing interests between the government and the probationer. *Id.* at 121. The Court defined this standard such that "the degree of individual suspicion required of a search is a determination of when there is a sufficiently

high probability that criminal conduct is occurring to make the intrusion on the individual's privacy interest reasonable." *Id.* When this standard is met, a warrant is not necessary. *Id.* at 122.

A similar situation to Izatt's was addressed by the Idaho Court of Appeals. While the case occurred before the Supreme Court's reasonable suspicion standard was announced in *Knights*, it provides a set of facts consistent with that reasoning. In *State v. Josephson*, 867 P.2d 993 (Idaho Ct. App. 1993) a defendant who was convicted of misdemeanor assault was given probation with a search provision similar to the one in the current case. *Id.* at 994. Police officers conducted a warrantless search for drugs based on an informant's tip. *Id.* at 995. The *Josephson* defendant, like Izatt, argued that consent to search clauses could not be imposed on misdemeanants. *Id.* at 996. The *Josephson* court did not make a distinction between felony and misdemeanor probations, but did recognize that the terms of probation must be related to the purpose of probation. *Id.* at 997. The court found against the defendant, however, because he, like Izatt, had misconstrued the purpose of his probation, arguing that the terms had to be related to the underlying crime. The *Josephson* court, like the Supreme Court in *Knights*, recognized that the purposes of probation included "fostering rehabilitation and protecting public safety." *Id*. Therefore, a warrantless search is proper when the lower reasonable suspicion threshold is met in order to protect the public from further wrongdoing and to broadly rehabilitate the defendant. In the present case, like in *Josephson*, Izatt was convicted of a misdemeanor and the police had ample evidence, from the confidential informant and from the evidence

**MEMORANDUM ORDER - 9**

collected on Izatt's person, that he was engaged in criminal activity. Consistent with *Knights*, when such a probability of criminal activity presents itself the government's intrusion on Izatt's privacy interests is reasonable. Thus, no warrant was required.

## CONCLUSION

Izatt's probation was not tolled simply because there was a revocation hearing pending. Because Izatt was a probationer at the time of the search and had signed a consent to search provision his reasonable expectation of privacy was greatly reduced. The confidential informant's information and the physical evidence discovered on Izatt incident to the unchallenged arrest provided sufficient reasonable suspicion that police officers could search his home without a warrant.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Defendant's Amended Motion to Suppress (Dkt. No. 14) is **DENIED**.

DATED: **July 20, 2010**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER - 10**