WENDY J. OLSON, IDAHO STATE BAR 7634
UNITED STATES ATTORNEY
CHRISTIAN S. NAFZGER, IDAHO STATE BAR NO. 6286
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV, SUITE 600
800 EAST PARK BOULEVARD
BOISE, IDAHO 83712
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1038

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) CR No. 10-112-S-EJL |
| Plaintiff, | ) |
| | ) GOVERNMENT'S |
| vs. | ) MEMORANDUM REGARDING |
| | ) 404(b) EVIDENCE OF PRIOR |
| JUSTIN LYLE IZATT, | ) DRUG TRAFFICKING |
| | ) |
| Defendant. | ) |
| | ) |

The United States of America and Wendy J. Olson, United States Attorney for the District of Idaho, and Christian S. Nafzger, the undersigned Assistant United States Attorney, pursuant to Rule 404(b), Federal Rules of Evidence, submit this memorandum addressing the admissibility of evidence of the defendant's prior possession of methamphetamine with intent to distribute, evidence of threats against a Government witness, and evidence of failure to file tax returns for the years 2007 and 2008.

Under Rule 404(b), evidence of a person's other crimes, wrongs, or acts may not be admitted if it is intended solely to prove that the person's conduct during the charged incident is in conformity with his conduct on a different occasion. But "other act" evidence is admissible for other purposes, such as to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake. FED.R.EVID. 404(b). To prove that the evidence is offered for one of these reasons, it is the government's responsibility to show that the evidence (1) proves a material element of the offense for which the defendant is now charged, (2) if admitted to prove intent, is similar to the offense charged, (3) is based on sufficient evidence, and (4) is not too remote in time. *United States v. Ramirez-Robles*, 386 F.3d 1234, 1242 (9th Cir. 2004); *United States v. Beckman*, 298 F.3d 788, 794 (9th Cir. 2002); *United States v. Arambula-Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993).

Rule 404(b) is an inclusionary rule, and evidence is admissible under it unless "it proves nothing but the defendant's criminal propensities." *United States v. Sneezer*, 983 F.2d 920, 924 (9th Cir. 1992). Relevant evidence of other bad acts, including crimes, is admissible under Rule 404(b) to prove intent, absence of mistake or accident. *Id.*; *United States v. Boise*, 916 F.2d 497, 501 (9th Cir. 1990).

To knowingly and intentionally possess contraband with the intent to distribute is a specific intent offense. *See* 21 U.S.C. § 841(a)(1). Defendant's prior convictions for possession with intent to distribute methamphetamine is relevant to a material element of possession with intent to distribute methamphetamine "because it tends to show knowledge." *Arambula-Ruiz*, 987 F.2d at 603.

In the present case, the Government will introduce the following evidence:

1. That on August 24, 2001, the defendant was arrested in Twin Falls, Idaho, and charged with possession with intent to deliver, carrying a concealed weapon, possession of drug paraphernalia, and felon in possession of a firearm after he was stopped while driving his vehicle. Officers found him to be in possession of 16.6 grams of methamphetamine, a vial of LSD, one Pocket-Tech digital scale, a glass smoking pipe, a butane torch, two bottles of prescription pills (prescribed to someone other than the defendant), $3,532 in cash, and a loaded .357 Magnum handgun. The defendant was the sole occupant of the vehicle. On June 24, 2002, the defendant pleaded guilty to possession of a controlled substance with the intent to deliver.

2. That on October 15, 2001, the defendant was arrested in Twin Falls, Idaho. A search of the same vehicle he was driving in August of 2001 yielded 79.9 grams of methamphetamine, $581 in cash, and a glass smoking pipe. On June 24, 2002, the defendant pleaded guilty to possession of a controlled substance with the intent to deliver.

3. <u>Testimony from a confidential informant that the defendant was a methamphetamine dealer during the summer of 2009</u>. The confidential informant will testify about how the defendant's drug trafficking organization worked, where and how he stored his methamphetamine, and how he instructed the confidential informant to take precautions in not getting caught with methamphetamine. The full nature of the confidential informant's testimony regarding the defendant's drug

dealing is contained on a DVD that has previously been disclosed to the defendant.

4. <u>Testimony from Katie Howard, a/k/a Katie Luper</u>. Katie Howard will testify that she found a threatening note that had been placed on her vehicle at approximately 11:15 p.m., May 9, 2010. Justin Izatt was released from the Twin Fall County jail on May 8, 2010, at 8:21 p.m. He had been in custody for over three months and had been provided discovery that identified the confidential informant by name, in addition to a DVD of an interview of the confidential informant describing the defendant's drug trafficking crimes. A note was left on a vehicle belonging to the confidential informant, but was being used by Katie Howard. The note said, "Rat, didn't think you were a Rat. Slut Fucker. Talk about my house again."

5. <u>Testimony from Detective Ken Rivers, Twin Falls City Police Department</u>. Detective Rivers will testify that he conducted a financial investigation of the defendant. He was able to determine that the defendant did not file tax returns for the years 2007 and 2008. The defendant had not been employed since March 6, 2007. The defendant was employed by Jayco Corporation from May 24, 2006, until March 6, 2007. Detective Rivers subpoenaed employment records and learned that the defendant earned $11,548.68 in wages from Jayco in 2006 and $4,794.48 in 2007. While employed with Jayco, the defendant was required to make weekly child support payments of $95.88, which was subtracted from his paycheck.

Starting in August of 2008, the defendant claimed to be a self-employed welder during the booking process at the Twin Falls County jail. The defendant

repeated this claim during another booking process on September 28, 2009. Detective Rivers checked with the Twin Falls Planning and Zoning Commission and verified that the defendant never was issued, nor did he apply for, a business permit for his residence of 705 Grant Avenue, Twin Falls, Idaho.

Detective Rivers subpoenaed the Department of Health and Welfare in March of 2009 and learned that defendant was making monthly payments of $277. An Experian credit report was also obtained in January 2009 and in October 2009. The defendant never applied for a loan or a credit card. The credit report also showed an outstanding balance of $10,677 owing on his child support.

A search of the defendant's residence on February 3, 2010, discovered receipts for payment of several large purchases, including: over $1,000 for stereo equipment, $2,700 for transmission repair, $470 for steering repair, $600 for a Toshiba flat screen television, over $6,000 for motorcycle parts from Snake Harley-Davidson, $1,000 for a motorcycle frame, over $9,000 for motorcycle parts from Scotty's Cycle and Machine. All of these purchases were made during the time frame that the defendant filed no tax returns.

Detective Rivers also determined that the defendant purchased several vehicles in 2007 and 2008. Those include a 1999 GMC Yukon purchased December 5, 2007, for $12,630 in cash; a 2002 GMC Denali purchased on October 21, 2008, for $8,500; a 2000 Spcn motorcycle purchased July 11, 2007, for $3,827; a 1991 Chevy Camero purchased August 15, 2007, for $500; and a 2001 Indian Motorcycle purchased on April 3, 2008, for $9,970.00; and a 1999 BRC 18 foot boat purchased on August 15, 2008, for $6,000. The defendant was

also the registered owner of 1966 Chevrolet Impala. Detective Rivers seized the following evidence from the defendant's home on February 3, 2010: a large number of stereo speakers, a flat screen television, a gun safe, stereo equipment, night vision monocular, radar detector, vehicle stereo amplifier and other miscellaneous items estimated to exceed $10,000 in value.

The search of his residence on February 3, 2010, also failed to find any business records from welding or any other legitimate income. There were no accounts payable or accounts receivable

At the time of his arrest, the defendant had $464 in cash in his wallet and another $500 was found in the top drawer of a dresser in the defendant's bedroom.

The police reports detailing each of the two prior convictions, the financial investigation, the confidential informant's testimony and the threatening note, were provided to the defendant in discovery. The Government intends to present both factual witnesses to these prior crimes, as well as the defendant's admissions of his intent to distribute methamphetamine made during his guilty plea in the two prior convictions. The Government intends to use Detective Rivers as a summary witness in regard to the financial investigation.

### A. ADMISSIBILITY OF PRIOR CONVICTIONS AND PRIOR DISTRIBUTION OF METHAMPHETAMINE

1. <u>Evidence proves a material element.</u>

First, defendant's prior convictions and testimony regarding the defendant's prior distribution of methamphetamine are relevant. They will be admitted to prove intent and knowledge, which are material elements of possession with intent to distribute methamphetamine. *See e.g., United States v. Corona*, 34 F.3d 876, 881 (9th Cir. 1994) (knowledge and intent are material elements of charges of distribution of drugs and conspiracy to

distribute drugs); *United States v. Howell*, 231 F.3d 615, 628 (9th Cir. 2000) (evidence of prior conviction for possession and possession with intent to distribute cocaine relevant and admissible to show that the defendant knew the substance in a bag was a narcotic.) Furthermore, evidence of defendant's prior conduct is also admissible to show identity and absence of mistake. Regardless of whether the defendant disputes the charges on grounds of identity or mistake, the Government may still offer evidence on these grounds in light of its burden beyond a reasonable doubt. *See, e.g., United States v. Nelson*, 137 F.3d 1094, 1107 (9th Cir. 1998) (noting defendant's state of mind is relevant even though it was not a disputed issue in the case).

    2.    <u>Similar nature to charged conduct</u>.

The second element, similarity, is only required in cases where conduct is offered to prove intent or identity. *Arambula-Ruiz*, 987 F.2d at 603. To the extent that defendant's prior conviction tends to show knowledge or absence of mistake, similarity is not required. But in any event, this element is satisfied to also prove identity and intent.

Here, the prior convictions are for the same offense he is currently facing: possession with intent to deliver methamphetamine. In all three cases, the defendant possessed methamphetamine for purposes of distribution and sale. Where large quantities of drugs are involved, the Ninth Circuit has "consistently held that evidence of a defendant's prior possession or sale of narcotics is relevant under Rule 404(b) to issues of intent, knowledge, motive, opportunity, and absence of mistake or accident in prosecutions for possession of, importation of, and intent to distribute narcotics." *United States v. Mehrmanesh,* 689 F.2d 822, 832 (9th Cir. 1982).

The testimony of the confidential informant regarding the defendant's distribution of methamphetamine in 2009 is also similar in that he/she will describe the defendant's possession and distribution of the same substance: methamphetamine.

3.  Sufficient Evidence.

Because the defendant was convicted of the prior crimes, there is sufficient evidence to support the finding that he committed them. *United States v. Ramirez-Robles*, 386 F.3d at 1243.

The testimony of the confidential informant includes detailed information regarding where the defendant hid his methamphetamine in his home. The confidential informant drew a map of the defendant's home and specifically noted a ceiling panel in the garage as the place where defendant hid methamphetamine. This information was provided to law enforcement in the summer of 2009. Approximately seven months later, law enforcement found 124 grams of methamphetamine in exactly the same spot where the confidential informant said the defendant hid his methamphetamine. Additionally, the confidential informant described a digital scale used by the defendant to weigh out methamphetamine for sale as being a fake DVD case entitled "Dirty Dancing." That same scale was found in the defendant's home at the time of his arrest in this case. There is sufficient proof of the prior conduct.

4.  Not too remote.

Fourth, the earlier crimes, which occurred less than nine years before defendant's prosecution in the present case, are not too remote. See *United States v. Johnson*, 132 F.3d 1279, 1283 (9th Cir. 1997) (allowing evidence of prior bad acts thirteen years prior because of the similarity of the conduct.); *United States v. Rude*, 88 F.3d 1538, 1550 (9th Cir. 1996) ("This circuit has not adopted a bright line rule concerning remoteness in time and, where the prior acts were similar to those charged, previous decisions have upheld admission of evidence of acts up

to twelve years old.") (citations omitted); *United States v. Kindred*, 931 F.2d 609, 613 (9th Cir. 1991) ("An eleven-year-old conviction is not too remote in time . . . .").

The testimony of the confidential informant regarding the defendant's prior distribution of methamphetamine occurred just months before the instant charge.

    5.    <u>Rule 403 balancing.</u>

Rule 403 of the Federal Rules of Evidence requires the exclusion of evidence only where its "probative value is substantially outweighed by the danger of unfair prejudice." Unfair prejudice is found only where the evidence "provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *United States v. Bailleaux*, 685 F.2d 1105, 1111 (9th Cir. 1982), *abrogated on other grounds by United States v. Miller*, 874 F.2d 1255 (9th Cir. 1989). Evidence is not unfairly prejudicial simply because it tends to convince the jury of the defendant's guilt; it is only when the evidence moves the jury on a basis unrelated to the merits of the case that it is unfairly prejudicial. In determining the probative value of the evidence, the Court must consider not only the logical inferences that the evidence will support, but also the actual "need for evidence of prior criminal conduct to prove a particular point." *Id.* at 1112. The court must then balance the probative value against the danger of unfair prejudice, but can exclude the evidence only when prejudice substantially outweighs any probative value. *Id.* at 1111-12, n.2; *Arambula-Ruiz*, 987 F.2d at 602.

The prior convictions and evidence of prior distribution of methamphetamine will be admitted to prove intent and knowledge, which cannot be accomplished without introducing the nature of the prior offenses. Moreover, the Court can take steps to curb prejudice by giving

limiting instructions both before admission of the evidence and at the end of the case. Thus, the prior convictions, arrests, and their underlying facts are admissible.

**B.     ADMISSIBILITY OF THREAT TO WITNESS**

Testimony regarding the threatening note left on the confidential informant's vehicle the day after the defendant was released from jail is admissible to show consciousness of guilt. Consciousness of guilt is second only to a confession in terms of probative value. *United States v. Meling*, 47 F.3d 1546, 1557 (9th Cir. 1995). Evidence is admissible under Rule 404(b) if it is relevant to an issue in the case other than the defendant's criminal propensity. The testimony of Katie Howard is based on sufficient evidence, and it is not too remote in time.

**C.     ADMISSIBILITY OF FAILURE TO FILE TAX RETURNS**

Evidence of sudden or unexplained wealth is admissible in drug conspiracy trials if it creates a reasonable inference that the unexplained wealth came from the drug conspiracy. *United States v. Miguel*, 952 F.2d 285, 289 (9th Cir. 1991); *United States v. Patterson*, 819 F.2d 1495, 1501 (9th Cir. 1987); see also *United States v. Ordonez*, 737 F. 2d 793, 811 (9th Cir. 1991) (holding that tax returns were properly admissible because the jury could properly infer that the defendant's large expenditures must have come from an illegal source). In order to show that the defendant did not have a legitimate source of income that would account for the defendant's purchases of over $62,000 during the years 2007, 2008, and 2009, the Government will admit evidence that the defendant did not file any tax returns for the years 2007 and 2008. Because his failure to file any tax returns for the years 2007 and 2008 could be a prior bad act if the defendant claims to have a source of income apart from methamphetamine distribution, the Government is providing notice to the defendant that it intends to introduce this evidence in conjunction with the financial investigation evidence.

## CONCLUSION

Applying the four-part test for admitting Rule 404(b) evidence, testimony regarding the defendant's prior drug activities meets the four requirements for admissibility. The evidence does not constitute unfair prejudice under Rule 403. Accordingly, it is admissible.

Respectfully submitted this 20th day of September, 2010.

        WENDY J. OLSON
        United States Attorney
        By:

        /s/ Christian S. Nafzger
        Assistant United States Attorney

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of the United States Attorney's Office for the District of Idaho, and that a copy of the foregoing Government's Memorandum Regarding 404(b) Evidence of Prior Drug Trafficking was served on all parties named below this 20th day of September, 2010.

    ___ United States Mail, postage prepaid

    ___ Hand delivery

    ___ Facsimile Transmission (fax)

    ___ Federal Express

    _x_ ECF Filing

David Douglas Nelson
Roark Law Firm
Attorneys at Law
409 North Main Street
Hailey, Idaho 83333

G. Scott Gatewood
Sallaz & Gatewood, PLLC
Attorneys at Law
100 South Roosevelt Street
Post Office Box 8956
Boise, Idaho 83705

                                                                /s/ Christian S. Nafzger