UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

UNITED STATES OF AMERICA,    ) USCA No. 11-30089
          Plaintiff,    )
vs.                    ) Case No. CR10-112-S-EJL
JUSTIN LYLE IZATT,       )
          Defendant.    )
_____)

SENTENCING HEARING
HELD BEFORE THE HONORABLE EDWARD J. LODGE
AT BOISE, IDAHO
MARCH 28, 2011

A P P E A R A N C E S

For the Plaintiff:
U.S. Attorney's Office
By:  CHRISTIAN S. NAFZGER, AUSA
800 Park Blvd., Suite 600
Boise, ID 83712

For the Defendant:
Roark Law Firm
By:  D. DOUGLAS NELSON
409 North Main Street
Hailey, ID 83333

and

Sallaz & Gatewood
By:  G. SCOTT GATEWOOD
1000 South Roosevelt
Boise, ID 83705


Reported by:
Lisa K. Yant, CSR, RPR, CFRR
Official Court Reporter

P R O C E E D I N G S

March 28, 2011

THE CLERK:  The Court will now hear sentencing in Criminal Case 10-0112, United States of America versus Justin Izatt.

THE COURT:  Good morning, Counsel.

MR. NAFZGER:  Good morning, Your Honor.

MR. NELSON:  Before we start, I would like to be heard, Your Honor.

THE COURT:  Mr. Nelson.

MR. NELSON:  Thank you.

Your Honor, Mr. Izatt just informed me a minute ago that he would like this sentencing to be continued.  The reason for his request, he says, is because he has some issues with the presentence report that he wants to talk to me about.  He was not given this report until Saturday.  And he says that there are things in there that are important that he wants to discuss.

I told him I would make his request known to the Court.

THE COURT:  Mr. Nafzger.

MR. NAFZGER:  Your Honor, I would oppose.  I am ready to proceed to sentencing.  The time for

11:13AM 1    objections has passed.  We now have a final

11:13AM 2    presentence report and I am ready to proceed.

11:13AM 3          THE COURT:  The motion is just not timely.

11:13AM 4    We have had this matter under consideration for

11:13AM 5    some period of time.  There has been the

11:13AM 6    presentence report submitted and if there was

11:13AM 7    something to be brought to the Court's attention,

11:13AM 8    it needed to be addressed early on.

11:13AM 9          Motion denied.

11:13AM 10         MR. NELSON:  Okay.

11:13AM 11        THE COURT:  The record shows, Mr. Izatt,

11:13AM 12    that on December 16 of last year you were found

11:13AM 13    guilty at trial on Count One charging possession

11:13AM 14    with intent to distribute methamphetamine.  The

11:13AM 15    jury's verdict was accepted by the Court and a

11:13AM 16    presentence investigation was ordered and the

11:13AM 17    matter has been set today for sentencing.

11:13AM 18          Are there any witnesses to be called?

11:13AM 19        MR. NAFZGER:  No, Your Honor.

11:13AM 20        MR. NELSON:  No, Your Honor.

11:14AM 21        THE COURT:  Does the Government have a

11:14AM 22    recommendation?

11:14AM 23        MR. NAFZGER:  Yes, Your Honor.

11:14AM 24          Your Honor, Mr. Izatt has been

11:14AM 25    convicted of 50 separate offenses in the District

11:14AM 1   of Idaho, 30 of those are traffic-related

11:14AM 2   infractions.  But the mere fact that he has been

11:14AM 3   convicted of 50 separate offenses at the age of 35

11:14AM 4   is nothing short of astounding.  If nothing else,

11:14AM 5   it indicates that, for whatever reason, Mr. Izatt

11:14AM 6   refuses to abide by any law, great or small.

11:14AM 7          When you look at the nontraffic-related

11:14AM 8   infraction convictions, he has been convicted of a

11:14AM 9   violent offense, second-degree kidnapping, twice

11:14AM 10  he has been convicted of carrying a concealed

11:14AM 11  weapon, both times involving a handgun, on two

11:14AM 12  occasions he has been convicted of possession of

11:14AM 13  methamphetamine with intent to deliver, in

11:15AM 14  addition to the one the jury convicted him of in

11:15AM 15  this case.

11:15AM 16         During one of those prior felony drug

11:15AM 17  trafficking convictions he was found to be in

11:15AM 18  possession of a loaded handgun at the time.  At

11:15AM 19  the time of this offense he was on probation.  He

11:15AM 20  has previously been charged with contempt of court

11:15AM 21  and probation violations.

11:15AM 22         Mr. Izatt has had the benefit of

11:15AM 23  numerous opportunities for rehabilitation.  He was

11:15AM 24  evaluated at the Idaho Youth Ranch as a juvenile.

11:15AM 25  He has been placed on probation six different

11:15AM 1    times, he has been sent on the rider program.  He

11:15AM 2    has served two separate prison sentences, one on

11:15AM 3    kidnapping and another on the two drug trafficking

11:15AM 4    offenses.  He has been on parole.

11:15AM 5           The State of Idaho has spent

11:15AM 6    significant money and resources in an attempt to

11:15AM 7    convince Mr. Izatt to be a law-abiding citizen.

11:15AM 8    Yet time and time again he has refused to comply

11:15AM 9    with the laws of this state and country.  No doubt

11:15AM 10    he has received numerous classes that have

11:15AM 11    attempted to provide him with the tools that he

11:16AM 12    needs to be a law-abiding citizen, and all of

11:16AM 13    these efforts have failed.

11:16AM 14           So the Defendant finds himself facing a

11:16AM 15    mandatory minimum sentence of life imprisonment.

11:16AM 16    The Government, and I am sure this Court, finds no

11:16AM 17    joy in sentencing such a young man to spend the

11:16AM 18    rest of his life incarcerated.  Mr. Izatt had the

11:16AM 19    opportunity to avoid this sentence that the Court

11:16AM 20    must impose today.  First and foremost, he could

11:16AM 21    have used the tools that he received on his rider

11:16AM 22    program, on probation, on parole to be a

11:16AM 23    law-abiding citizen.

11:16AM 24           But even after having been found to be

11:16AM 25    in possession of a large amount of methamphetamine

11:16AM 1    on February 3 of 2010, he could have admitted his

11:16AM 2    conduct in state court and avoided facing federal

11:16AM 3    charges altogether.  He chose not to do so.

11:16AM 4          Once he was indicted, he was given the

11:16AM 5    opportunity to sign a plea agreement that would

11:16AM 6    have avoided a mandatory life sentence.  Again, he

11:16AM 7    chose not to do so.  Even on the eve of trial the

11:16AM 8    Government re-offered a plea agreement that would

11:17AM 9    avoid a mandatory life sentence and this was again

11:17AM 10   rejected by the Defendant.

11:17AM 11         Congress has rightfully decided that

11:17AM 12   people who traffic in large amounts of

11:17AM 13   methamphetamine, after twice being convicted of

11:17AM 14   felony drug offenses -- now, it is important to

11:17AM 15   note that the statute requires a mandatory life

11:17AM 16   sentence if you have, in this type of offense, if

11:17AM 17   you have two prior felony drug offenses.  Those

11:17AM 18   two could be simple possession.  That is not the

11:17AM 19   case here.  Both of his prior felony drug offenses

11:17AM 20   are essentially the same exact conduct that he was

11:17AM 21   convicted of in this case, possession with intent

11:17AM 22   to deliver.

11:17AM 23         So someone with a much lighter prior

11:17AM 24   criminal history, someone who doesn't have a

11:17AM 25   kidnapping felony conviction, someone who had two

11:17AM 1   simple possession of methamphetamine could be

11:17AM 2   facing the same exact sentence that Mr. Izatt is.

11:17AM 3   But he has the two prior drug trafficking

11:18AM 4   convictions, not just drug felony convictions.

11:18AM 5           I believe the sentence that the Court

11:18AM 6   must impose today is warranted given the nature

11:18AM 7   and circumstances of the offense, and the history

11:18AM 8   and characteristics of this Defendant.  I realize

11:18AM 9   that technically the 3553(a) factors might not

11:18AM 10  actually apply to this case, given the fact that

11:18AM 11  the Guideline range is mandatory life and this

11:18AM 12  Court must impose a mandatory life sentence.

11:18AM 13          Nonetheless, I think it is important to

11:18AM 14  note that this sentence reflects the serious

11:18AM 15  nature of repeat offenders who distribute drugs

11:18AM 16  such as methamphetamine, which destroy lives and

11:18AM 17  the very fabric of our society.  Not to mention

11:18AM 18  the violence, both in this country and others that

11:18AM 19  accompanies the manufacturing, transportation, and

11:18AM 20  distribution of methamphetamine.

11:18AM 21          This was all for the Defendant's

11:18AM 22  personal financial gain.  The ability to purchase

11:18AM 23  cars, motorcycles, stereos, without having to work

11:19AM 24  for it.

11:19AM 25          This sentence will deter Mr. Izatt, but

11:19AM 1   more importantly, hopefully it will deter others

11:19AM 2   who may consider choosing the path that Mr. Izatt

11:19AM 3   has taken with his life.  This sentence, most

11:19AM 4   importantly, will protect the public from further

11:19AM 5   crimes of this Defendant.

11:19AM 6        Thank you.

11:19AM 7      THE COURT:  Thank you.

11:19AM 8      Mr. Nelson.

11:19AM 9    MR. NELSON:  Thank you, Your Honor.

11:19AM 10      Manuel Noriega, you might remember who

11:19AM 11  Manuel Noriega is.  He is the most notorious drug

11:19AM 12  trafficker ever in the history of the United

11:19AM 13  States, was convicted and spent many, many years

11:19AM 14  in federal prison in Miami.  About seven or eight

11:19AM 15  or nine months ago or somewhere in there he topped

11:19AM 16  out on his sentence and was released from federal

11:20AM 17  custody and was escorted from federal prison in

11:20AM 18  Miami.  He gets to walk away from prison, Your

11:20AM 19  Honor, but Justin Izatt will not.

11:20AM 20      If that is not somehow a violation of

11:20AM 21  our Eighth Amendment to the United States

11:20AM 22  Constitution in that that is a cruel and unusual

11:20AM 23  sentence for the possession of 77 grams of

11:20AM 24  methamphetamine, then I don't know what the Eighth

11:20AM 25  Amendment to the Constitution means.

11:20AM 1        I know what you have to do today, but

11:20AM 2  please consider my comments here as a formal

11:20AM 3  objection to the application of Section 5G1.1,

11:20AM 4  subsection (c)(2), to the facts as applied in this

11:20AM 5  case, Your Honor.  There might be a case out there

11:20AM 6  where this sentencing enhancement is absolutely

11:20AM 7  appropriate, like the Noriega case where the guy

11:21AM 8  has probably committed hundreds of homicides.  But

11:21AM 9  as applied to the facts of this case, there can be

11:21AM 10  no question, in my mind at least, that this

11:21AM 11  statutory enhancement violates the Eighth

11:21AM 12  Amendment to the Constitution.

11:21AM 13       THE COURT:  Thank you.

11:21AM 14       Mr. Izatt, do you have anything you

11:21AM 15  would like to say to the Court?

11:21AM 16     THE DEFENDANT:  Yes.  I would like to say

11:21AM 17  I'm sorry for my crimes and for the things I have

11:21AM 18  done wrong.  I would also like to say that the

11:21AM 19  drugs that were found in this house were not mine,

11:21AM 20  and that I am sorry for the negative impact I have

11:21AM 21  had on my family.  The hurt I have caused them, my

11:21AM 22  daughter, and my mother, and my grandmother, and

11:21AM 23  Mariah, who are here.

11:21AM 24       That is all I have to say.  Thank you,

11:21AM 25  Your Honor.

11:21AM 1    THE COURT:  Well, Mr. Izatt, the purpose of

11:22AM 2 a jury trial is to determine the innocence or

11:22AM 3 guilt of a defendant.  The jury heard the evidence

11:22AM 4 and their verdict, of course, has to be unanimous,

11:22AM 5 and they determined that you were guilty, as

11:22AM 6 charged.

11:22AM 7    So when you say the drugs are not yours

11:22AM 8 that were in the house, you certainly have a right

11:22AM 9 to say that, but that was considered, I am sure,

11:22AM 10 by the jury and they made their judgment on that.

11:22AM 11 So I do not believe it is a function of the Court

11:22AM 12 to second-guess the jury.  We have a 12-person

11:22AM 13 jury and that is their responsibility.

11:22AM 14    The Prosecutor pointed out that you

11:23AM 15 could have made the right judgment and maybe

11:23AM 16 avoided looking a life sentence, but we are all

11:23AM 17 responsible and accountable for the choices we

11:23AM 18 make.  We cannot back up in time and then do

11:23AM 19 things differently.

11:23AM 20    In your case the Prosecutor, I think

11:23AM 21 again rightfully, pointed out that you have an

11:23AM 22 extensive history of criminal activity.  And I

11:23AM 23 know when reading your report that there is

11:23AM 24 reasons that you give for maybe the anger that you

11:23AM 25 have had in the past, the fact that you were maybe

11:23AM 1   made fun of by others when you were growing up,

11:24AM 2   you were sexually molested and those things, of

11:24AM 3   course, are not right.  But we do not look back in

11:24AM 4   time.  You are 35 years old and you have had a lot

11:24AM 5   of time to get past those issues and move on with

11:24AM 6   your life.  You just continued to make bad

11:24AM 7   choices.

11:24AM 8           There is not a lot I can say that is

11:24AM 9   going to make you feel differently.  Certainly, as

11:24AM 10  Counsel pointed out, there is no joy in

11:24AM 11  sentencing, particularly in a case like this where

11:24AM 12  we are looking at mandatory life.  So I do not

11:24AM 13  relish it.  I do not look forward to it in any

11:25AM 14  way.

11:25AM 15          But whether the 3553(a) factors are

11:25AM 16  applicable or not, they point out, of course, that

11:25AM 17  the Court has a responsibility and a duty for the

11:25AM 18  protection of the public to impose a sentence that

11:25AM 19  considers punishment and deterrence and community

11:25AM 20  protection.

11:25AM 21          You know, when you have these two

11:25AM 22  felony controlled substance offenses that you were

11:25AM 23  convicted of, you knew at that point that you had

11:25AM 24  to live your life very carefully and stay away

11:25AM 25  from drugs, anything that could potentially cause

11:25AM 1    you to be found guilty of a third offense and be a

11:26AM 2    career offender and be facing a mandatory life.

11:26AM 3           So I guess when all is said and done,

11:26AM 4    more has been said than done on your part.  You

11:26AM 5    have been given a lot of opportunities, as the

11:26AM 6    Prosecutor pointed out, for rehabilitation.  Those

11:26AM 7    have not apparently been fruitful.  But many times

11:26AM 8    it is a two-way street.  It cannot all be one way

11:26AM 9    and you have to work at taking advantage of those

11:26AM 10   things when they are given to you.  You can lead a

11:26AM 11   horse to water, but you cannot make them drink.

11:26AM 12          So you know, you have had these anger

11:26AM 13   problems, you had depression, and a number of

11:26AM 14   other issues.  But you do not wait until after

11:27AM 15   something has happened, particularly when it has

11:27AM 16   happened several times before and then say, Well,

11:27AM 17   if things had been different I would not be in

11:27AM 18   this position.  Many of those were self-imposed.

11:27AM 19          You have not taken very good care of

11:27AM 20   your life.  Counsel pointed out you were on

11:27AM 21   probation at the time of this offense.  You really

11:27AM 22   have not acknowledged your role in the offense.

11:27AM 23   There is just a lot of steps that could have been

11:27AM 24   taken to have helped yourself.  I guess the best

11:27AM 25   way you can forget your own troubles is by helping

11:27AM 1  others with theirs.

11:27AM 2          So when you are in the penitentiary, we

11:27AM 3  do not necessarily see the future and you are

11:27AM 4  going to have to make some good choices in prison.

11:28AM 5  If there is a possible light down at the end of

11:28AM 6  the tunnel, even though it is mandatory life, you

11:28AM 7  have got to earn it.  It is not just going to

11:28AM 8  happen.

11:28AM 9          As I understand it, you are a welder

11:28AM 10  and I am sure there is going to be an opportunity

11:28AM 11  to do some of those things in prison.  But you are

11:28AM 12  going to have to listen to the right people.  You

11:28AM 13  cannot be listening to the wrong people and expect

11:28AM 14  any benefit to come from it.  So you just

11:28AM 15  hopefully move forward with your life, even though

11:28AM 16  you are in prison, in a manner and a way that is

11:28AM 17  beneficial not only to you, but to others.

11:28AM 18          I am really at a loss to say anything

11:28AM 19  that I think can be helpful.  But at the same time

11:29AM 20  I do not want you to bog down in self-pity.  A lot

11:29AM 21  of these things were brought on by yourself and it

11:29AM 22  went on over a long period of time.  We are all

11:29AM 23  accountable and responsible for the decisions that

11:29AM 24  we make, the choices that we make.

11:29AM 25          Having reviewed the record in its

11:29AM 1  entirety and having listened to the trial as well,

11:29AM 2  the Court feels that you are a career offender.

11:29AM 3  The sentence requires the Court to impose a

11:29AM 4  mandatory life sentence to be followed by ten

11:29AM 5  years supervised release under the following terms

11:29AM 6  and conditions:

11:30AM 7  I was going to say because it is a

11:30AM 8  standard condition, that you not commit another

11:30AM 9  federal, state or local crime, but you have the

11:30AM 10  highest criminal offense level that you can reach.

11:30AM 11  You are going to be in prison for life unless

11:30AM 12  there is something that can happen down the line

11:30AM 13  that benefits you in some way.

11:30AM 14  But obviously, just for your own

11:30AM 15  protection and for the protection of others in

11:30AM 16  prison, as well as just the efficient operation of

11:30AM 17  the prison, do not be involved with others that

11:30AM 18  think that there is something that is beneficial

11:30AM 19  by committing crime while you are incarcerated.

11:30AM 20  It is just bad judgment again and the Court urges

11:31AM 21  you, encourages you not to be involved in any type

11:31AM 22  of criminal activity even in prison.

11:31AM 23  Obviously, you are going to have to

11:31AM 24  comply with the rules and regulations of the penal

11:31AM 25  system, but if you are released at some future

11:31AM 1    time, you have to comply with the standard rules

11:31AM 2    and regulations of the probation department for a

11:31AM 3    period of ten years.

11:31AM 4             You cannot possess a firearm or other

11:31AM 5    dangerous weapon.  Again, that was pointed out,

11:31AM 6    that you have been your own worst enemy when you

11:31AM 7    possess drugs and/or arms.  It is just something

11:31AM 8    that is not excusable or permissible and the

11:31AM 9    juries look on it with great resistance.  You

11:31AM 10   know, again, you just have to think before you

11:31AM 11   act, and make sure that you stay clear and free of

11:31AM 12   any firearms or other dangerous weapons.

11:31AM 13            If you are released, obviously you

11:31AM 14   cannot unlawfully possess a controlled substance

11:31AM 15   and shall abstain from the unlawful use of the

11:32AM 16   same.  You may have had an addiction that was very

11:32AM 17   difficult to deal with, but you are going to be

11:32AM 18   free of that addiction for a long period of time.

11:32AM 19   And hopefully, again, you will not be your own

11:32AM 20   worst enemy by using drugs, unlawfully possessing

11:32AM 21   or using controlled substances.

11:32AM 22            Normally we say that you should be

11:32AM 23   involved in some drug testing program.  Again, I

11:32AM 24   think what I would urge is that you try to take

11:32AM 25   advantage of any programs that might be offered in

11:32AM 1   the penal system so that this issue with the drugs

11:32AM 2   and your mental health can be addressed

11:32AM 3   appropriately.

11:32AM 4           Again, even though you are in the penal

11:33AM 5   system, it is not the end of the world, it is not

11:33AM 6   the end of your life.  You have to address these

11:33AM 7   mental issues as well as the addiction and I think

11:33AM 8   you will feel better about yourself and make it

11:33AM 9   much easier to comply with the rules and

11:33AM 10  regulations of the penal system.

11:33AM 11          If you are released at some future time

11:33AM 12  you are going to have to submit to a search of

11:33AM 13  your home, vehicle and/or person upon demand by a

11:33AM 14  probation officer with or without the necessity of

11:33AM 15  a warrant.  There is a DNA requirement, of course,

11:33AM 16  that is now mandatory and the Court so orders.

11:33AM 17          Some of these other issues just do not

11:33AM 18  appear to be applicable when you have been

11:33AM 19  sentenced to life.  But again, the Court would

11:33AM 20  urge you to take advantage of any drug treatment

11:34AM 21  programs and/or mental health issues while you are

11:34AM 22  incarcerated.

11:34AM 23          There is a $100 special assessment that

11:34AM 24  is due and owing forthwith.

11:34AM 25          There will be a forfeiture order

11:34AM 1   submitted to the Court and the Court will sign the

11:34AM 2   same.

11:34AM 3              If you disagree with the Court's

11:34AM 4   judgment you have 14 days in which to appeal.  You

11:34AM 5   do that by filing your notice of appeal with the

11:34AM 6   Clerk of the Court in this district.  Otherwise it

11:34AM 7   is waived, meaning it is gone.

11:34AM 8              Do you have any questions at all?

11:34AM 9        THE DEFENDANT:  No, Your Honor.

11:34AM 10        THE COURT:  Thank you.

11:34AM 11              You are remanded to the custody of the

11:34AM 12   Marshals Service.

11:34AM 13        (Whereupon, proceedings concluded.)

14

15

16

17

18

19

20

21

22

23

24

25

<u>REPORTER'S CERTIFICATE</u>

    I, LISA K. YANT, CSR, RPR, CFRR, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.


/s/                          05/30/2010
_____   _____
LISA K. YANT, CSR, RPR, CFRR      Date