FILED

MAY 10 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30089 |
| Plaintiff - Appellee, | D.C. No. 1:10-cr-00112-EJL-1 |
| v. | |
| JUSTIN LYLE IZATT, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted May 8, 2012[**]
Seattle, Washington

Before: HAWKINS, BYBEE, and BEA, Circuit Judges.

Justin Izatt appeals from his conviction and sentence for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Izatt argues that the district court (1) erred in denying his motion to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

suppress evidence found after a search of his residence, (2) imposed a mandatory life sentence in violation of the Eighth Amendment, and (3) abused its discretion in admitting prior bad acts evidence under Fed. R. Evid. 404(b). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

**1. Motion to Suppress**

Izatt argues that the district court should have granted his motion to suppress, because (1) the terms of his state probation, which allow the police to search his residence, were "tolled" at the time of the search of his residence, and (2) the police did not have reasonable suspicion to search his residence. We review the district court's denial of a motion to suppress *de novo*, and the underlying factual findings for abuse of discretion. *United States v. Mayer*, 560 F.3d 948, 956 (9th Cir. 2009).

At the time of the search of his residence, Izatt was on state probation for a misdemeanor conviction for driving without privileges. As part of his probation agreement, Izatt agreed to submit to warrantless searches. The terms of Izatt's probation were not tolled at the time of the search. Although the state government had petitioned to have Izatt's probation revoked, at the time of the search on

---

[1] Because the parties are familiar with the facts of this case, we state them only as necessary to explain our decision.

February 3, 2010, Izatt was awaiting a hearing for a final decision on the proposed termination of probation. Izatt cites *State v. Harvey*, 132 P.3d 1255 (Idaho Ct. App. 2006), in support of his argument that the terms were tolled, but *Harvey* stands only for the proposition that a probationer who breaks the terms of his probation and avoids probationary supervision by leaving the state without permission should not receive credit for probation time served. *Id.* at 1259. *Harvey* does not hold that the terms of probation are tolled.[2]

## 2. Eighth Amendment Challenge

Izatt argues that his mandatory life sentence, provided by 21 U.S.C. § 841(b)(1)(A), violates the Eighth Amendment's ban on cruel and unusual punishments. We review Eighth Amendment challenges to a sentence *de novo*. *United States v. Meiners*, 485 F.3d 1211, 1212 (9th Cir. 2007) (per curiam).

Izatt's argument fails. The government filed a notice that it intended to seek this sentencing enhancement prior to trial, pursuant to 21 U.S.C. § 851(a), as it was

---

[2] We need not consider the question whether any suspicion is required for a search of a probationer pursuant to a search condition because we conclude that the police officers had reasonable suspicion to search Izatt's residence. *See United States v. Knights*, 534 U.S. 112 (2001). Izatt was found with a used methamphetamine pipe on his person, the police had information from a confidential informant that Izatt stored methamphetamine in his garage, Izatt's probation officer told the police that Izatt was likely using and dealing methamphetamine, and Izatt was "increasingly nervous" and "shaking uncontrollably" at the time of the arrest in front of his residence.

3

required to do. Izatt's sentence does not run afoul of the Eighth Amendment. *See Harmelin v. Michigan*, 501 U.S. 957 (1991) (holding that a life sentence for a single conviction of possessing 672 grams of cocaine did not violate the Eighth Amendment); *United States v. Jensen*, 425 F.3d 698 (9th Cir. 2005) (upholding a life sentence on similar facts where defendant was sentenced to life in prison after two prior felony convictions).

### 3. 404(b) Evidence

We review the district court's ruling to admit prior bad acts evidence under Fed. R. Evid. 404(b) for abuse of discretion. *United States v. Ramirez-Robles*, 386 F.3d 1234, 1240 (9th Cir. 2004). Izatt argues that the district court abused its discretion when it admitted "prior bad acts" evidence showing that Izatt had used a purple Crown Royal bag to store drug paraphernalia in one of his prior felony drug convictions.

The district court was correct in stating that such evidence was relevant to show a "common plan or scheme." The evidence was also relevant to show *modus operandi*, made the more relevant to this case because Izatt's opening statement claimed he had nothing to do with the methamphetamine found along with the purple Crown Royal bag in the ceiling of his garage. Further, the district court was correct that the evidence here met the four factors for the admissibility of 404(b)

4

evidence outlined in *Ramirez-Robles*, 386 F.3d at 1242.  First, it proves a material element of the offense for which Izatt was charged, namely "ownership" or "knowing possession" of the drugs.  Second, Izatt's prior conviction for possession of amphetamine with intent to deliver is nearly identical to the crime charged here.  Third, Izatt's prior actions resulted in a conviction, so there is sufficient evidence that he indeed committed the crime.  Fourth, the prior conviction was not too remote in time: while over eight years had passed, this court has upheld the introduction of prior bad acts evidence more remote in time.  *See United States v. Johnson*, 132 F.3d 1279, 1283 (9th Cir. 1997).

The evidence was also admissible under Rule 403.  "As long as it appears from the record as a whole that the trial judge adequately weighed the probative value and prejudicial effect of proffered evidence before its admission . . . the demands of Rule 403 have been met."  *Boyd v. City and Cnty. of San Francisco*, 576 F.3d 938, 948 (9th Cir. 2009) (quotation omitted).  The record supports the district court's conclusion that the 404(b) evidence is "probative and is not unduly prejudicial, as the Crown Royal bags go to the facts of this case, along with the pipes, and do not go to the mere propensity of [Izatt] to commit a crime of this nature."

**AFFIRMED.**