FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 11 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30155 |
| Plaintiff - Appellee, | D.C. No. 1:10-cr-00112-EJL-1 |
| v. | |
| JUSTIN LYLE IZATT, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted December 9, 2014**
Seattle, Washington

Before: HAWKINS, McKEOWN, and TALLMAN, Circuit Judges.

Following his conviction of Possession with Intent to Distribute Methamphetamine, affirmed by this court in 2012, Justin Izatt ("Izatt") appeals the denial of his Rule 33 motion for a new trial. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

"A new trial is not warranted under Rule 33 unless a defendant can establish five elements: '(1) the evidence is newly discovered; (2) the defendant was diligent in seeking the evidence; (3) the evidence is material to the issues at trial; (4) the evidence is not (a) cumulative or (b) merely impeaching; and (5) the evidence indicates the defendant would probably be acquitted in a new trial.'" *United States v. King*, 735 F.3d 1098, 1108 (9th Cir. 2013) (quoting *United States v. Berry*, 624 F.3d 1031, 1042 (9th Cir. 2010)).

The district court did not abuse its discretion by denying Izatt's motion. Izatt proffered new evidence that Chris Ayers was later convicted for distributing methamphetamine, but this was cumulative of trial testimony offered by defense witness Mariah Pace that Ayers was a drug dealer. Evidence of Ayers' conviction is not the type of evidence that indicates a new trial would likely result in acquittal. Indeed, the government did not dispute this point at trial. Rather, the government focused on the implausibility of Pace's story that the drugs stored in the ceiling of the garage at Izatt's house actually belonged to Ayers, who had allegedly left Pace in charge of a storage shed full of drugs while he was imprisoned.

Evidence regarding irregularities at the Idaho State Police Laboratory, where Izatt's blood was tested for methamphetamine, was merely impeaching and not the sort of evidence that made a different result likely, particularly where there was other

evidence of Izatt's drug use. In addition, the methamphetamine found in his garage was tested at a different laboratory.

Nor did the "clarifications" by trial witness Brandon Harvey warrant a new trial. The failure to discover these clarifications sooner was the result of a lack of diligence on the defendant's part, who both called Harvey as a direct witness and had the opportunity to cross-examine him as a government witness. The district court correctly noted that "failing to ask relevant questions of its own witnesses does not justify a new trial." Harvey did not recant his trial testimony or otherwise claim that any part of his earlier testimony was untrue. Moreover, even if considered, the clarifications are not the sort of evidence that would likely impact the outcome of the trial.

**AFFIRMED.**