UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>JUSTIN LYLE IZATT,<br><br>    Defendant. | Case No. 1:10-cr-000112-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Justin Izatt's Motion for Compassionate Release. Dkt. 149. The Government opposes the Motion. Dkt. 151.

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] Upon review, and for the reasons set forth below, the Court DENIES Izatt's Motion.

## II. BACKGROUND

On May 11, 2010, Izatt was charged via criminal Indictment with one count of Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§

---

[1] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

MEMORANDUM DECISION AND ORDER - 1

841(a)(1) and 841(b)(1)(B).[2] Izatt proceeded to trial and was found guilty on December 16, 2010. Dkt. 63.

Izatt's criminal history of twenty prior convictions, including two prior felony drug trafficking convictions and a conviction for a crime of violence, resulted in a Criminal History Category of VI. Dkt. 19, at 8; Dkt. 133, at 2. Given Izatt's two prior felony drug trafficking crimes, Izatt was also subject to a recidivism sentencing enhancement that carried a mandatory minimum sentence of life imprisonment. Dkt. 25; Dkt. 133, at 2. On March 28, 2011, Judge Edward J. Lodge sentenced Izatt to life in prison.[3] Dkt. 74.

Although Izatt appealed his conviction and sentence, the Ninth Circuit affirmed both. Dkt. 93. Izatt petitioned the Ninth Circuit for a panel rehearing and was denied. Dkt. 94. Izatt's subsequent petition for Writ of Certiorari was also denied (Dkt. 97), as was his motion for new trial (Dkt. 103), appeal of the denial of his motion for new trial (Dkt. 118), and motion to vacate pursuant to 28 U.S.C. § 2255. Case No. 1:13-cv-00431-EJL, Dkt. 22.

On January 20, 2023, Izatt filed a Motion to Reduce Sentence asking that the Court reduce his life sentence to 300 months (25 years) pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018. Dkt. 144. The Government eventually agreed that a reduced sentence of 25-years was justified. Dkt. 144, at 2; Dkt. 146. The Court granted the Motion and entered an Amended Judgment reflecting the change. Dkt. 148. Izatt is currently incarcerated at FCI Tucson in Arizona with an anticipated release date of June 25, 2030.

---

[2] On August 11, 2010, the Government filed a single-count First Superseding Indictment charging Izatt with possession with intent to deliver 50 grams or more of actual methamphetamine. Dkt. 23

[3] Due to Judge Lodge taking inactive status, this case was later reassigned to the undersigned on April 19, 2021. Dkt. 126.

On October 16, 2024, Izatt filed another Motion to Reduce Sentence. Dkt. 149. In this Motion, Izatt alleges the Court should grant him a compassionate release owing to his rehabilitation efforts and programming while incarcerated, but also because he has an ailing family member—his mother—and he is her only available caregiver. *See generally id*. The Court asked the Government to specifically respond to this "family circumstances" allegation. Dkt. 150. The Government did so, noting its objection to any sentence reduction or compassionate release. Dkt. 151. Izatt never replied.[4] The matter is ripe for review.

### III. LEGAL STANDARD

Izatt seeks compassionate release under the First Step Act ("FSA"), amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances. In order to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[5] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18

---

[4] To be sure, the Court did not specifically outline that Izatt could file a reply. That said, the Court has waited the standard fourteen days in case Izatt chose to reply. The absence of a reply notwithstanding, the Court feels the arguments have been adequately presented in the opening brief and response and that further briefing is unnecessary.

[5] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

MEMORANDUM DECISION AND ORDER - 3

U.S.C. § 3553(a) to the extent they are applicable. *Id.*; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

The Sentencing Commission's policy statements at U.S.S.G. § 1B1.13 state that "extraordinary and compelling reasons" include: (1) a defendant's serious medical condition; (2) a defendant's age combined with serious deterioration in physical or mental health due to the aging process; (3) a defendant's family circumstances where the defendant becomes the only available caregiver for a close relative; (4) a defendant's suffering abuse by an employee or contractor of the Bureau of Prisons (the "BOP"); (5) the defendant's subjection to an unusually long sentence where the defendant has already served at least ten years of the sentence; or (6) any other circumstance or combination of circumstances of similar gravity. *Id.* at § 1B1.13(b). The statements also assert that, before a sentence may be reduced, the Court must find the defendant is not a danger to the safety of any other person or to the community. *Id.* at § 1B1.13(a)(2).

Until recent amendments, U.S.S.G. § 1B1.13 addressed only motions brought by the Director of the BOP—and not those brought by defendants their own behalf. *See United States v. Aruda*, 993 F.3d 797, 801–02 (9th Cir. 2021). To be sure, district courts were free to consult the policy statements as persuasive authority, but the Ninth Circuit made clear that the statements were not binding. *Id.* at 802. However, under recent amendments, U.S.S.G. § 1B1.13 expressly applies to motions brought by the BOP Director *and* to those brought by individual defendants. U.S.S.G. § 1B1.13(a). Along with its sister district courts in the Ninth Circuit, the Court understands these amendments to resolve the discrepancy highlighted in *Aruda* and to make U.S.S.G § 1B1.13 binding. *See United States v.*

*Brugnara*, 2024 WL 332867, at *2 (N.D. Cal. Jan. 28, 2024); *United States v. Garcia Nava*, 2024 WL 221439, at *2 (S.D. Cal. Jan. 19, 2024); *United States v. Cunningham*, 2024 WL 50908 (D. Mont. Jan. 4, 2024); *United States v. Brown*, 2023 WL 8650290, at *3 (W.D. Wash. Dec. 14, 2023).

In any event, the catch-all clause at U.S.S.G. § 1B1.13(b)(5) affords the Court significant leeway in defining precisely what qualifies as an extraordinary and compelling reason to warrant a reduction in sentence.

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

As part of his current Motion, Izatt did not include a copy of his request to the Warden of his facility, but he did include an affidavit stating he sent a request to the Warden on June 20, 2024. Dkt. 149-1. The Court will take Izatt at his word. Insofar as 30 days elapsed between Izatt's filing with the Warden and his instant Motion, exhaustion is satisfied. The Court will proceed to the next stage of its inquiry.

### B. Extraordinary and Compelling Reasons

The Court must next consider whether "extraordinary and compelling reasons"

warrant a permanent reduction in Izatt's sentence, and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii). Izatt bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. Apr. 6, 2020).

The Court summarily finds that Izatt's rehabilitation efforts, while commendable, cannot justify compassionate release. The Sentencing Commission's applicable policy statement clearly outlines that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" to grant early release. U.S.S.G. § 1B1.13 cmt. n.3 (citing 28 U.S.C. § 994(t)). While courts have occasionally granted early release based upon a successful showing of rehabilitation when combined with other factors, the evidence of rehabilitation itself must rise to the level of "extraordinary and compelling."[6] Izatt has not submitted that type of evidence here. To be sure, the Court appreciates and applauds Izatt's efforts in this respect and encourages him to continue improving and preparing for life after incarceration. But rehabilitation, alone or in combination with the Court's analysis below, does not warrant Izatt's requested relief.

The Court turns next to Izatt's request that he be released to care for his ailing mother. Izatt alleges his mother has serious health concerns and that he is her only child

---

[6] For example, in *United States v. Rodriguez*, that court found the evidence submitted in support of the defendant's rehabilitation efforts was "nothing short of remarkable." 492 F. Supp. 3d 306, 311 (S.D.N.Y. 2020). The defendant submitted a collection of letters from friends, family, fellow inmates, and, most importantly, from 27-prison staff members attesting to his exemplary work ethic, kindness, and overall attitude that had remained consistent over the course of a 20-year sentence. The court there felt the overwhelming evidence the defendant provided regarding his rehabilitation, *combined with* the defendant's health risks and the new prison conditions, were compelling enough to grant early release. *Id.*

MEMORANDUM DECISION AND ORDER - 6

(and available caregiver). *See* Dkt. 149, at 4–5. For this reason, he seeks an early release.

Under U.S.S.G. § 1B1.13, Application Note 1(C), only (1) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children," or (2) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner," qualifies as extraordinary and compelling circumstances under the "family circumstances" prong. While wanting to care for one's mother is admirable, it does not fall within the scope of either prong of the rule. *See, e.g., United States v. Crisp*, 2022 WL 3448307, at *5 (E.D. Cal. Aug. 17, 2022) ("Many inmates have aging parents with various ailments. If a sick parent—absent truly extraordinary circumstances—was considered a compelling reason, virtually any inmate seeking a sentence reduction on this ground could produce one."). This is the first problem with Izatt's request.

Izatt explains his mother has "many serious medical conditions." Dkt. 149, at 4. In support, Izatt included a letter from a medical provider at St. Luke's listing these medical conditions. Dkt. 149-2. Izatt also included a letter from his mother where she states that Izatt is her only child and potential caregiver. Dkt. 149-3.[7] The problem, however, is there is no indication whether Izatt's mother has the means to hire a caregiver, move to an assisted living facility, or enlist the help of other friends or relatives to assist in providing care. Izatt's bare assertion that since he is an only child, that automatically means he is the

---

[7] The Court notes that Izatt's mother states she has bone cancer. Dkt. 149-3. The doctor who wrote the aforementioned letter did not list cancer. This is confusing to the Court as the letters were written a mere four days apart and one would assume St. Luke's would have been aware of any cancer diagnosis.

MEMORANDUM DECISION AND ORDER - 7

only available caregiver, is insufficient to support his immediate release.

In sum, not only does a parent typically not qualify under the "family circumstances" criteria, but Izatt has not shown that he is truly his mother's only option at this point.

Even if Izatt did have grounds for relief, the Court finds that the 18 U.S.C. §3553(a) factors weigh against early release.[8] As outlined in the record (and noted above), the Court's sentence in this case reflects the fact that this is Izatt's third conviction for trafficking methamphetamine. He has been convicted of twenty separate offenses, including violent crimes. And his sentence was already significantly reduced. Releasing Izatt at this time would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter similar conduct, or otherwise serve the purposes of 18 U.S.C. §3553(a).

## V. CONCLUSION

Izatt exhausted his administrative remedies. That said, he has failed to demonstrate

---

[8] This code section provides:

> Factors To Be Considered in Imposing a Sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—[. . .]
>
> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

18 U.S.C. § 3553(a).

MEMORANDUM DECISION AND ORDER - 8

an "extraordinary and compelling reason" for his release and has failed to show that a reduction in his sentence is consistent with the goals of the sentencing factors. Having considered all the arguments and evidence, the Court cannot depart from its prior sentence at this time. Accordingly, Izatt's Motion for Compassionate Release is DENIED.

## VI. ORDER

The Court **HEREBY ORDERS**:

1. Izatt's Motion for Compassionate Release (Dkt. 149) is **DENIED**.

DATED: May 28, 2025

_____
David C. Nye
Chief U.S. District Court Judge